UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANIE YOUSIF,

    Plaintiff,

v.

                                              Case No. 12-CV-12427

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,                         HON. GEORGE CARAM STEEH

    Defendant/Counter-Plaintiff/
    Third-Party Plaintiff,

v.

RAMI YOUSIF, an individual,

    Third-Party Defendant.

_____/

ORDER GRANTING DEFENDANT'S MOTION FOR DEFAULT
JUDGMENT AGAINST PLAINTIFF AND THIRD PARTY DEFENDANT
OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT
PURSUANT TO FED. R.CIV.P. 56(B) (DOC. #14)

INTRODUCTION

This case stems from the foreclosure of plaintiff Stephanie Yousif's (hereinafter "Yousif") home in Sterling Heights, Michigan, which Yousif challenges in these proceedings. Presently before the court is defendants' motion for default judgment or, in the alternative, summary judgment. Because the court finds no question of material fact as to whether defendant is entitled to judgment, its motion is granted.

-1-

BACKGROUND

Yousif resides in a home at the address of 38703 Pinebrooke Drive in Sterling Heights, Michigan (the "property"). The property was purchased by Yousif's ex-husband, Rami Yousif, in May 2006. Although married to Rami Yousif at the time, Yousif was not included in the transaction. To purchase the property, Rami Yousif borrowed $240,000 from JPMorgan Chase Bank, N.A. ("Chase"), and executed a promissory note in favor of Chase. Rami Yousif also granted a mortgage to Chase against the property.

Both the note and the mortgage were assigned from Chase to defendant Federal National Mortgage Association ("Fannie Mae") in July 2010. Following that assignment, Rami Yousif defaulted on his obligations under the note and mortgage. A foreclosure sale was conducted on August 11, 2011, and Fannie Mae was the high bidder at the sale with a bid of $243,932.10. The redemption period of six months passed in February 2012 without action by either Yousif. It appears that the judgment of divorce of Stephanie and Rami Yousif was entered during the six month redemption period.

On April 10, 2012, Yousif filed this lawsuit in the Macomb County Circuit Court. Fannie Mae then removed the action to this court. Four counts are captioned in that complaint: (1) "quiet title;" (2) wrongful foreclosure; (3) preliminary injunction; and (4) declaratory relief. In July 2012, Fannie Mae filed a counterclaim against Yousif, alleging claims for quiet title and declaratory judgment, and a third-party complaint against Rami Yousif, asserting the same claims. In those pleadings, Fannie Mae requests that the court declare that Fannie Mae is the fee simple owner of the property and that neither Yousif nor Rami Yousif have any interest or possessory rights in the property.

Because no answers had been filed to the counterclaim or third-party complaint, following the clerk's entry of default on those claims, defendants moved for default judgment, or in the alternative for summary judgment on Yousif's claims. Two business days before the scheduled date for oral argument, new counsel for plaintiff filed a motion for substitution and filed a response to defendant's motion, which was more than a month past its deadline. Oral argument was held on March 11, 2013, at which the court allowed substitution of new counsel for plaintiff. The court's discussion of the parties' positions and arguments, and its disposition of their claims, is set forth below.

## ANALYSIS

### Standard of Review

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact such that the movant is entitled to a judgment as a matter of law. Ventas, Inc. v. HCP, Inc., 647F.3d 291, 324 (6th Cir. 2011)(quoting Fed.R.Civ.P. 56(a)). A genuine issue of material fact exists when there are "disputes over facts that might affect the outcome of the suit under the governing law." V & M Star Steel v. Centimark Corp., 678 F.3d 459, 465 (6th Cir. 2012) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). In making a decision on summary judgment, the court must view the facts and all inferences to be drawn from the facts in the light most favorable to the non-moving party. Bell v. United States, 355 F.3d 387, 392 (6th Cir. 2004).

DISCUSSION

(I.) Motion for Default Judgment

Defendant contends that judgment of default "against both parties is now appropriate which finds that Fannie Mae's Sheriff's Deed is valid, Fannie Mae owns the Property, and that neither Yousif nor Rami Yousif have any interest in it." Defendant asserts that default judgment "necessarily resolves the claims in Yousif's Complaint."

Given the proposed substitution of counsel and late-filed response to defendant's motion for default judgment, the court will entertain the parties' arguments on the summary judgment portion of the motion.[1] The court finds that defendant is entitled to summary judgment on plaintiff's claims, and also that entry of default judgment on the counterclaim against Yousif is appropriate, because (1) there was no answer filed; (2) no motion was filed for leave to file an answer; and (3) argument makes it clear that Yousif has no defense. Default judgment will also enter as to the defendant's claims against Rami Yousif, who has not responded in any way to the third-party complaint or motion for default judgment.

(II.) Motion for Summary Judgment

In this motion, defendant first asserts that Yousif lacks standing to assert the claims brought here, for the reason that as of the expiration of the redemption period, she lost all right, title and interest to the property. This argument is based on the fact that "all the right, title, and interest" to the property was vested in the purchaser of the sheriff's deed at the

---

[1] At oral argument, counsel for defendant requested that the court disregard plaintiff's late-filed response, a request the court will deny, noting that the response does not affect the court's determination on this matter.

time the redemption period ended under Mich. Comp. Laws. Ann. § 600.3236. For this reason, the former owner of the property lacks the right to assert claims with respect to the property, even where the filing of a lawsuit occurs prior to the expiration of the redemption period. See Overton v. Mortgage Electronic Registration Systems, No. 284950, 2009 WL 1507342, at *1 (Mich. App. May 28, 2009).

In order to avoid judgment on this basis, Yousif must make a "clear showing of fraud or irregularity," the exception explicitly noted in Overton. The fraud or irregularity must be in the foreclosure process itself. Id. Yousif does not allege such fraud or irregularity; rather, she asserts that her "dower rights" give her an interest in the property, regardless of the foreclosure sale. She also makes unavailing arguments that the deed (vesting title in her ex-husband) was not recorded until after the mortgage was recorded; that Fannie Mae cannot produce the original note secured by the mortgage; and that the mortgage and note were severed from each other.[2]

As defendant argues, any dower rights held by Yousif do not give her some special ability to challenge a foreclosure sale after the expiration of the redemption period. Defendant cites Rice v. Rice, 2005 WL 3077145 at *2 (Mich. App.) for this proposition.

---

[2]In her response to defendant's motion, Yousif devotes several pages to the history of Fannie Mae, and its current status as a "federal instrumentality." Yousif argues that as such, Fannie Mae could not use the "non due process protocol" of Michigan's non-judicial foreclosure statutes. Yousif does not support her arguments with applicable authority and the court finds no merit in them. Additionally, as noted by defendant at oral argument, this theory has been recently rejected in this district, on the basis that Fannie Mae is neither a governmental entity nor a state actor. See, e.g., Rubin v. Fannie Mae & Federal Housing Finance Agency, # 12-12832 (Doc. # 17) (J. Hood). In any event, as that decision notes, an unpublished Sixth Circuit decision has found that Michigan's foreclosure by advertisement statute comports with due process requirements. Sutton v. United States SBA, 92 Fed. App'x 112, 121 (6th Cir. 2003).

Additionally, defendant correctly argues that the order in which the mortgage and warranty deed were recorded has no bearing on the validity of the mortgage. The foreclosure sale is also not invalidated in any way by a failure of Fannie Mae to produce the original note signed by Rami Yousif. See Sallie v. Fifth Third Bank, 842 N.W.2d 238 (Mich. App. 2012) (internal citations omitted), also cited by defendant. Finally, defendant points to the assignment of mortgage between Chase and Fannie Mae, showing that both the mortgage and note were assigned to Fannie Mae, which demonstrates that Yousif's "severance" argument has no factual basis. Furthermore, although at oral argument Yousif's counsel stated that Yousif had pursued a loan modification with defendant, apparently suggesting that Yousif thereby acquired some contractual or statutory rights, there is no such allegation in the complaint, and no documentation whatsoever supporting this assertion. In fact, Yousif's counsel himself acknowledged that he had no evidence to support the assertion and was unable to explain how Yousif would acquire rights under Michigan's loan modification statute after a sheriff's sale, when she was not a party to the loan or the mortgage. For these reasons, defendant is entitled to judgment on Yousif's claim of quiet title.

Yousif's claim of wrongful foreclosure fares no better. In that claim, Yousif again wrongly contends that the order in which the deed and mortgage were recorded affects the validity of the mortgage. Yousif also complains that the foreclosing defendant (she writes "Chase," although she apparently means Fannie Mae) "did not hold the mortgage in Plaintiffs' property and was not the party with an ownership interest in the indebtedness." Complaint, ¶ 29. She asserts that there was no chain of title between Fannie Mae and Chase, that Chase was not the original mortgagee, and that Fannie Mae "and its assigns

-6-

do not meet the requirements of MCL 600.3204(3) and, therefore may not foreclose by advertisement." Complaint, ¶¶ 30-32.

Defendant simply points to the recorded Assignment, attached to its motion as Exhibit 5, as well as the Fannie Mae mortgage, to demonstrate that sufficient chain of title existed to comply with Mich. Comp. Laws Ann. § 600.3204(3). Yousif's contentions lack merit and defendant is also entitled to judgment on this claim.[3]

## CONCLUSION

For the reasons stated above, defendant's motion for default judgment against plaintiff/counter-defendant Stephanie Yousif and third-party defendant Rami Yousif or, in the alternative, motion for summary judgment, is hereby GRANTED. Judgment will enter for defendant as to all claims in plaintiff's complaint and defendant's counterclaim against plaintiff. Defendant's motion for default judgment as to its third-party complaint against Rami Yousif is hereby GRANTED.

**IT IS SO ORDERED**.

Dated: March 13, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 13, 2013, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk

---

[3]Yousif's third and fourth "counts" assert her entitlement to declaratory and injunctive relief, which the court notes are not independent causes of action and, in any event, are based on the same unavailing arguments discussed above.